UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA MARIA CNOSSEN,

    Plaintiff,

v.                                        Case No.:  2:22-cv-574-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Donna Marie Cnossen sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her application for disability insurance benefits. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision is affirmed.

## **I. Background**

The procedural history, administrative record, and law are summarized in the parties' briefs (Docs. 17, 18, 19) and not fully repeated here. Cnossen filed for benefits in 2020, claiming she could no longer work because of various medical conditions. (Tr. 173.) Her application was denied initially and again

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

upon reconsideration. She then requested further review before an administrative law judge ("ALJ").

Following a hearing, the ALJ found that Cnossen had severe impairments of degenerative disc disease of the lumbar spine, status-post ORIF [open reduction and internal fixation] of right fibula fracture, peripheral neuropathy of lower extremities, and obesity. (Tr. 17.) Cnossen also claimed to have anxiety, which the ALJ determined was a non-severe mental impairment. (Tr. 17.) Even with those conditions, the ALJ found Cnossen had the residual functioning capacity ("RFC") to:

> lift/carry 10 pounds occasionally and 5 pounds frequently; sit for six hours in an eight-hour work day; stand and/or walk for two hours in an eight-hour workday; and no operation of foot controls; permitted to change positions/stretch after 30 minutes of work while being off task for up to one minute; permitted to raise feet above waist level during regular scheduled breaks; occasional climbing of ramps or stairs but no climbing ladders, ropes or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling, and no exposure to hazardous machinery or unprotected heights.

(Tr. 21.)[2]

---

[2] An individual claiming disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

After considering the RFC and testimony from a vocational expert ("VE"), the ALJ determined that Cnossen could perform her past relevant work as a bookkeeper. (Tr. 26.) Because Cnossen could perform her past relevant work, the ALJ found her not disabled as that term is defined in this context. (Tr. 29.) She then exhausted her administrative remedies, and this lawsuit timely followed. (Doc. 1.)

## II. Legal Standard

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained that, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995). But the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Discussion

Cnossen argues two issues on appeal. First, she claims the ALJ erred by failing to consider "[her] documented tendinosis and bilateral plantar fasciitis and omitted related limitations" in determining the RFC. (Doc. 17 at 3.) Second, she claims the ALJ erred by "failing to account for the total limiting effects of [her] impairments." (Doc. 17 at 12.) The Court addresses each issue in turn.

#### A. Tendinosis and Plantar Fasciitis

In claiming the ALJ failed to consider her tendinosis and plantar fasciitis, Cnossen emphasizes records from visits to her podiatrist and her testimony she can only stand for 20 minutes because of foot pain. Cnossen also points to testimony that she feels pins and needles in her feet when she sits

4

too long so she must keep her feet elevated. (Tr. 40, 41, 42, 45.) Although she acknowledges that the RFC includes limitations permitting her to change positions/stretch after 30 minutes of work while being off task and allowing her to raise her feet above waist level during regular scheduled breaks, Tr. 21, she says the RFC does not fully address the extent of her limitations. (Doc. 17 at 11.)

A claimant's RFC is the most she can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is used to decide whether the claimant can perform past relevant work and, if not, to decide whether there are other jobs she can perform. *Id.* § 404.1545(a)(5). The "mere existence" of an impairment does not reveal its effect on a claimant's ability to work or undermine RFC findings. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). In assessing the RFC, the ALJ must consider all impairments—severe and nonsevere. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019).

Contrary to Cnossen's claim, the record shows that the ALJ considered her tendinosis and bilateral plantar fasciitis. The ALJ specifically discussed the plantar foot pain (Tr. 23, 24), as well as the pain and numbness she alleged to be suffering in her feet (Tr. 24). Cnossen's plantar fasciitis and tendinosis were both diagnosed and treated by her podiatrist. (Tr. 419, 423, 1406, 1430, 1438, 1444, 1453, 1460-61.) The ALJ's decision provides, in detail, the various treatments the podiatrist recommended in treating the lower extremities. (Tr.

5

23-24.) The ALJ also noted that the "impairments improved with surgical intervention, subsequent therapy and other modalities." (Tr. 23.) For example, the ALJ referred to treating notes indicating that "the claimant's complaints of bilateral heel pain . . . was much improved with splinting, strapping, and therapeutic injections." (*Id.*) So much so that the "[Claimant] reported her pain 1/10 bilaterally." (Tr. 24.) This evidence supports the ALJ's treatment of Cnossen's foot problems in the RFC.

Cnossen separately argues that her testimony regarding her need to elevate her legs above waist level after sitting for only 10-15 minutes (Tr. 42), and her need to devote a significant amount of her day to pain-mitigating measures that would take her off-task more than 46 minutes (*i.e.*, lying down, elevation, getting ice packs, taking medication) establishes that she could not engage in competitive employment as testified to by the VE. (Doc. 17 at 11; Tr. 41-48, 185-86.) The ALJ at least partially accepted Cnossen's testimony, limiting her to a reduced range of sedentary work with a variety of postural and environmental limitations. But the ALJ rejected Cnossen's contention she was more limited than the RFC. Specifically, the ALJ found that Cnossen's statements were "not entirely consistent with the medical evidence and other evidence in the record," and "inconsistent because they are not entirely supported by the record to the extent purported." (Tr. 22, 24.)

6

A claimant may establish that she has a disability through her "own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. To do so, she "must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225. If this standard is met, then "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561. And "[t]he claimant's subjective testimony . . . [may] itself [be] sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

Cnossen shows no error here either. The ALJ accepted her testimony (Tr. 22), but then discounted portions based on inconsistencies with the objective evidence over three single-spaced pages (Tr. 22-25). That approach is appropriate under the regulations and Eleventh Circuit precedent. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."); *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019) ("The ALJ, after

7

considering a claimant's complaints of pain, may reject them as not creditable."). At bottom, the ALJ's thorough review of the medical records provides all the evidence needed to uphold her assessment of Cnossen's subjective allegations and the RFC. *See, e.g.*, *Mennella v. Comm'r of Soc. Sec.*, 697 F. App'x 665, 666 (11th Cir. 2017).

Cnossen spends much of her brief laboring to show that the medical evidence reflects her subjective complaints. (Doc. 17 at 5-9.) But these arguments essentially ask the Court to reweigh the evidence, which is not allowed. "Resolution of conflicts in the evidence, including conflicting medical opinions and determinations of credibility are not for the courts; such functions are solely within the province of the Secretary." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973).

While a different factfinder may well have credited Cnossen's reported limitations and built them into the RFC, that is not the test. The dispositive question here is whether there is "such relevant evidence as a reasonable mind might accept as adequate" to support the ALJ's conclusion. *Biestek*, 139 S. Ct. at 1154. "The substantial evidence threshold is not high and defers to the presiding ALJ, who heard testimony and reviewed the medical evidence." *Rodriguez v. Berryhill*, 836 F. App'x 797, 803 (11th Cir. 2020).

### B. Total Limiting Effects

Cnossen claims that because the ALJ discounted her statements and her podiatrist's opinion about her condition, the ALJ's finding that she was not disabled is based on "a highly selective version of the facts." (Doc. 17 at 24.) As a result, the ALJ failed to fully recognize or appreciate the "total limiting effects" of her impairments. (*Id.* at 12-24.)

In rendering the RFC, an ALJ must consider any medical opinions along with all the other evidence of record. The ALJ must also consider all medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In making this holistic assessment, the ALJ considers evidence such as the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. § 404.1529(c)(3).

Having reviewed the record, the Court is satisfied that the ALJ's reasoning is supported by substantial evidence. The ALJ reasonably concluded that Cnossen's portrayal of her symptoms as disabling was unsupported by substantial objective medical evidence and the record as a whole. The ALJ then outlined the evidence that supports the RFC—nothing more is required.

Still, Cnossen argues that the limitations described by her podiatrist, Dr. Burg, are work-preclusive. Cnossen seemingly challenges the ALJ's evaluation of the persuasiveness of Dr. Burg's opinion she would need to elevate her legs when sitting to combat ongoing issues with swelling. (Doc. 17 at 20-21.)

A medical opinion is "a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions[.]" 20 C.F.R. § 404.1513(a)(2). When dealing with a medical opinion, the ALJ must consider its persuasiveness using several factors: "(1) supportability; (2) consistency; (3) relationship with the claimant, which includes (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors." *Id.* § 404.1520c(a).

Supportability and consistency "are the most important factors" in determining persuasiveness. *Id.* § 404.1520c(b)(2). And because of their importance, the ALJ must explain "how [he] considered the supportability and

10

consistency factors for a medical source's medical opinions." *Id.* Put simply, the ALJ must assess the factors of supportability and consistency for each medical opinion.

Dr. Burg advised in January 2019 that Cnossen should sit "with the lower extremities elevated" and wear compression socks. (Tr. 393.) The ALJ followed the regulations in the finding that Dr. Burg's opinion was only partially persuasive. (Tr. 26.) *See* 20 C.F.R. § 404.1520c(b). The ALJ explained the opinion was partially persuasive because it was supported by exams showing ongoing mild edema and deep tendon reflex deficits and EMG/NCV testing results showing bilateral sensory neuropathy (Tr. 26, 411-20, 394, 1478-79.) The findings from Dr. Burg's treatment notes on the same day he provided the opinion support the ALJ's analysis where he noted mild edema with adequate range of motion and adequate muscle strength. (Tr. 394.) The ALJ also found the opinion not consistent with the successful ORIF or physical examinations showing normal gait and normal lower extremity strength. (Tr. 374-79, 1377-78.) And the ALJ explained the opinion was not specific as to the frequency or duration of the elevation of the legs. (Tr. 26.) The ALJ considered this opinion and its partial persuasiveness and included such limitation in the RFC. (Tr. 21.) Thus, the ALJ properly considered Dr. Burg's opinion using the two most important factors (supportability and consistency) and the findings are supported by substantial evidence.

Cnossen also asserts that the limitations she describes in a "pain questionnaire" are work-preclusive and the ALJ's decision never mentions it. (Doc. 17 at 16-17.) Cnossen submitted a "pain questionnaire" with her initial claim for benefits, where she reported that she has sharp ankle pain and very intense, severe nerve pain in both feet, which occurs constantly every day. (Tr. 185-86.) She stated that the pain is relieved by reducing activity, laying down, taking pain medication, resting, massage, and using heat and ice. (Tr. 186.) Yet sometimes medication does not work and gives her an upset stomach. (*Id.*) She cooks easy, short meals because of pain from standing. (*Id.*) It takes her a long time to do grocery shopping due to pain. (*Id.*) She does not sleep well, and she must constantly change positions. (*Id.*) Cnossen alleges the ALJ failed to address these statements.

Not so. The ALJ addressed the complaints Cnossen made in the pain questionnaire, though not citing the pain questionnaire specifically. There is no rigid requirement that the ALJ mention every piece of evidence in his decision, so long as the ALJ's decision enables the court "to conclude that [he] considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211. The ALJ considered Cnossen's testimony about her pins-and-needles foot pain, her need to elevate her feet, that her pain level increases with physical activity and household chores, that she can walk for limited periods/distances, and that medication partially works but she must do other things such as apply

12

heat, ice, and stretching to help relieve the pain. (Tr. 22.) The ALJ then explained why those limitations were not supported by the record or were otherwise accommodated by the RFC. (Tr. 22-25.) Thus, the Court must affirm.

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings and Cnossen has failed to show error. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Cnossen and close the file.

**ORDERED** in Fort Myers, Florida on August 7, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record